Julie A. Mersch, Esq.
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
701 S.7th Street
Las Vegas, NV 89101
(702) 387-5868
Fax (702) 387-0109
jam@merschlaw.com
*Attorney for Plaintiff David Shaffer*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID SHAFFER,

Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY, as Claims Administrator for Advenir Real Estate Management, LLC Welfare Plan,

Defendant.

CASE NO.:

**COMPLAINT**

Plaintiff DAVID SHAFFER, by and through his attorney, JULIE A. MERSCH, ESQ., complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory and injunctive relief and disability benefits owed, and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

2. This Court has subject matter jurisdiction under ERISA, 29 U.S.C. § 1132(e)(1); and general federal jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district, pursuant to 29 U.S.C. § 1132(e)(2).

**GENERAL ALLEGATIONS**

4. Plaintiff DAVID SHAFFER, at all times relevant, was a qualified participant

in the Advenir Real Estate Management, LLC Welfare Plan ("LTD Plan") within the meaning of 29 USCA § 1002(7) of ERISA.

5. Advenir Real Estate Management, LLC was Plaintiff's employer. Advenir Real Estate Management, LLC is the Plan Administrator of the LTD Plan.

6. Defendant AETNA Life Insurance Company ("AETNA") is Defendant LTD Plan's agent and the designated Claims Administrator and Named Fiduciary of the LTD Plan pursuant to 29 U.S.C. § 1002(21)(A).

7. Upon information and belief, AETNA fully insures the LTD Plan and performs claims handling functions for the LTD Plan, including the ultimate decision of whether to accept, deny, or terminate a claim.

8. The court's review of Plaintiff's claim denial is *de novo*.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to AETNA for Long-Term Disability benefits under the LTD Plan, after AETNA approved and paid SHAFFER's short-term disability ("STD") claim through the maximum benefit period. Specifically, while Plaintiff was covered under the STD and LTD Plans, he suffered a disability as a result of, *inter alia*, the effects of hidradentitis suppurativa, an auto-immune disorder that leads to painful cellulitis of the skin and abscesses on and underneath the skin resulting in inability to sit, stand, or walk for extended periods of time and inability to concentrate for extended periods of time, rendering him disabled as of **November 7, 2016**.

10. Pursuant to the LTD Plan:

> You meet the test of disability on any day that:
>
> You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
>
> Your earnings are 80% or less of your adjusted predisability earnings.

11. As of November 2016, SHAFFER worked as President of Advenir Real Estate Management, LLC. The material duties of President include, *inter alia*: overseeing day-to-

day operations; meeting with clients and bankers; travel; walking properties; concentrating; drafting documents; attending and leading meetings; and directing. The physical duties of SHAFFER's occupation were consistent with "light duty" level.

12. On or about January 26, 2017, AETNA approved SHAFFER's LTD claim, beginning February 6, 2017.

13. AETNA terminated SHAFFER's claim on or about November 14, 2017 in a letter dated November 17, 2017 due to "no medical evidence to validate any restrictions and limitations which would preclude you from any level of work."

14. On or about November 27, 2017, SHAFFER appealed the termination of benefits.

15. On or about March 27, 2018, AETNA denied SHAFFER's appeal based on its contention that "the medical evidence available for review does not support a functional impairment with regards to a behavioral health condition nor are there supported restrictions and/or limitations that would preclude your ability to perform the material duties of your own sedentary physical demand level occupation as a result of the hidradentitis suppurativa."

16. The appeal denial letter advised SHAFFER that the decision was AETNA's final decision on the claim and further advised him of his right to file suit under ERISA.

**Claim for Relief: Wrongful Denial of Benefits under ERISA**

**§502(a)(1)(B), 29 U.S.C. §1132 (A)(1)(B)**

17. Paragraphs 1- 16 are incorporated by reference as if fully set forth herein.

18. DEFENDANT has wrongfully terminated long-term disability benefits to Plaintiff in violation of the subject plan provisions, ERISA, and interpretive case law for the following reasons:

a. DEFENDANT improperly terminated benefits on the basis that SHAFFER could not perform his own occupation, based on its reclassification of it as a

sedentary occupation from its prior determination that it was a light duty occupation.

b. DEFENDANT failed to conduct an Independent Medical Examination despite the fact that SHAFFER provided objective and subjective evidence that his hidradenitis suppurativa prevented him from performing the material and substantial duties of his occupation as President of a Real Estate Management company.

c. DEFENDANT failed to consider SHAFFER's severe pain in evaluating whether his pain would allow him to maintain the focus and concentration required to perform his job duties. As of January 2018, SHAFFER had to be referred to pain management due to the severity of his pain and had "significant tenderness to palpation over the suprapubic and sacral lesions." In March, 2018, Dr. Shah reported to Wendy Weinstein, MD that SHAFFER had probable "pathology in the intestinal wall" contributing to "his current pain."

d. DEFENDANT conducted surveillance on SHAFFER which unequivocally supported his inability to perform his own occupation. Nevertheless, DEFENDANT ignored that evidence in its decision to terminate SHAFFER's benefits. DEFENDANT also ignored the evidence submitted by SHAFFER's wife sent in as part of his appeal, detailing his inability to perform without assistance the activities of daily living.

e. DEFENDANT required SHAFFER to file for Social Security Disability (SSDI) benefits and sought recoupment of its overpayment to SHAFFER once he was awarded SSDI benefits (as of a disability date of **November 7, 2016**), but then ignored the Social Security Administration's determination of total disability from any gainful employment.

19. As a result of the foregoing actions and inactions, DEFENDANT has failed to pay SHAFFER long-term disability benefits from November 14, 2017 to the present.

**PRAYER FOR RELIEF**

20. SHAFFER respectfully requests that this Court review the termination of benefits and appeal denial in this case and declare that he is entitled to: 1) past long-term disability benefits from November 14, 2017 through the present; 2) an award of pre-judgment and post-judgment interest; and 3) payment of attorney's fees and costs associated with attempting to secure the benefits owed to him pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1); and 4) any other appropriate relief allowed under law.

DATED this 12th day of December, 2018.

LAW OFFICE OF JULIE A. MERSCH

By: /s/ Julie A. Mersch
JULIE A. MERSCH, ESQ.
Nevada Bar No. 004695
701 S. 7th Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff DAVID SHAFFER*